IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William Kinard, also known as William Smith, | ) ) ) ) | Case No.: 5:25-cv-12806-JD-KDW |
| Petitioner, | ) ) | **ORDER** |
| vs. | ) ) | |
| Warden Stephen Duncan, | ) ) | |
| Respondent. | ) ) | |

This matter is before the Court for review of the Report and Recommendation (the "Report") of United States Magistrate Judge Kaymani D. West, issued under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). (DE 51.) The Report recommends denying Petitioner William Kinard's Motions for Summary Judgment (DE 29; DE 31), granting Respondent Warden Stephen Duncan's Motion for Summary Judgment (DE 25), denying the Petition, dismissing this action without prejudice, and denying Petitioner's remaining motions as moot.[1] Petitioner timely filed objections and requested appointment of counsel. (DE 55.)

The Court has liberally construed Petitioner's filing and reviewed de novo the portions of the Report challenged by specific objections. For the reasons below, the

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

objections are overruled, and the Court adopts the Report's recommended disposition as modified and supplemented by this Order. Because Petitioner remains in custody pursuant to a state court judgment and challenges the execution of that sentence through parole revocation, 28 U.S.C. § 2254 governs the Petition. The state proceedings concluded without a merits determination. Because no state remedy remains and Petitioner has not excused the resulting default, the habeas claims will be dismissed with prejudice.

## A.    Background

Petitioner was convicted of kidnapping in 1989 and sentenced to life imprisonment. He was released on parole in February 2016. In September 2022, a Marlboro County grand jury indicted him for second-degree domestic violence, unlawful carrying of a pistol, possession of a firearm by a felon, hit and run, and possession of controlled substances. The South Carolina Board of Probation, Parole, and Pardon Services revoked Petitioner's parole on February 7, 2023. (DE 25-2–DE 25-4.)

A prosecutor dismissed the new indictments with leave to restore on January 10, 2024. Petitioner then filed an application for post-conviction relief ("PCR") on June 13, 2024, challenging the parole revocation and seeking reinstatement to parole. The PCR court dismissed the application on March 13, 2025, as untimely under South Carolina's one-year limitations period. Petitioner sought appellate review. On September 10, 2025, the Supreme Court of South Carolina dismissed his notice of appeal under Rule 243(c), SCACR, after concluding that he had not shown an

arguable basis for asserting that the denial of PCR was improper. (DE 25-5; DE 25-6; DE 55-1.)

Petitioner filed this federal action on October 3, 2025. He alleges that his continued incarceration is unconstitutional because the charges associated with the revocation were later dismissed, and he seeks reinstatement to parole, release from custody, and monetary damages. Respondent moved for summary judgment based principally on exhaustion and procedural default. After receiving notice under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner responded and filed two motions for summary judgment, as well as motions seeking discovery, production of his parole file, and immediate reinstatement to parole. (DE 25–DE 48.)

The Report concluded that Petitioner failed to present his parole-revocation challenge to the state courts in a procedurally proper manner because his PCR application was untimely. (DE 51 at 5.) It also concluded that Petitioner had not shown cause and prejudice or a fundamental miscarriage of justice sufficient to excuse the resulting default. (*Id.* at 6.) The Report, therefore, recommends summary judgment for Respondent and denial of Petitioner's dispositive and non-dispositive motions. (DE 51.)

In his objections, Petitioner contends that the documents attached to DE 55 prove exhaustion. (DE 55.) Those documents include an order dismissing an initial appeal from a non-appealable conditional order, an order transferring the matter to the Supreme Court of South Carolina, the September 10, 2025, order dismissing the appeal from the final PCR disposition, and a remittitur. Petitioner also repeats that

dismissal of the criminal charges invalidates the parole revocation, seeks discovery of the parole record, and requests appointed counsel.

**B.    Legal Standard**

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

When no specific objection is made, the Court need not conduct de novo review and need only satisfy itself that there is no clear error on the face of the record before accepting the recommendation. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**C.    Discussion**

**1.    Section 2254 Governs the Petition**

Petitioner labeled his filing as a petition under 28 U.S.C. § 2241. But he remains in custody pursuant to the 1989 state court judgment and challenges the execution of that sentence—specifically, his return to custody following revocation of

4

parole. The Fourth Circuit has held that when a prisoner in custody pursuant to a state judgment challenges the execution of the sentence, "the more specific § 2254 and all associated statutory requirements shall apply, regardless of the statutory label the prisoner chooses to give his petition." *In re Wright*, 826 F.3d 774, 783 (4th Cir. 2016). The Court, therefore, construes the Petition under § 2254. This modification does not change the exhaustion and procedural default principles applied in the Report, but it identifies the governing statutory framework.

### 2.    The State Proceedings Establish Procedural Default

A state prisoner must give the state courts a full and fair opportunity to resolve each federal claim before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842–45 (1999). That opportunity must be provided through the State's established procedures in a procedurally proper manner. South Carolina's PCR statute expressly encompasses a claim that parole was unlawfully revoked. *See* S.C. Code Ann. § 17-27-20(A)(5). Petitioner pursued that remedy here.

Petitioner's objection is correct in one limited respect: the exhibits to DE 55 show that the state proceedings he initiated have concluded. They do not, however, show that the state courts reached his federal claims on the merits. The PCR court dismissed his application as untimely under S.C. Code Ann. § 17-27-45(A), and the Supreme Court of South Carolina's Rule 243(c) order left that procedural disposition intact. The earlier appellate order attached to the objection likewise dismissed an appeal from a conditional order because the order was not appealable. Thus, the

5

exhibits establish a completed but procedurally defective state process—not merits exhaustion. (DE 25-5; DE 25-6; DE 55-1.)

When no state remedy remains because a petitioner failed to comply with a state procedural rule, the claim is technically exhausted but procedurally defaulted for federal habeas purposes. *See Coleman v. Thompson,* 501 U.S. 722, 732, 735 n.1 (1991). Here, the timeliness ruling rests on state law independent of Petitioner's federal claims, and Petitioner identifies no basis to question the adequacy of the one-year filing rule. The Clerk's docketing of this federal action and assignment of a case number did not decide exhaustion. Nor is there another state tribunal to which this Court can direct Petitioner now. The absence of a presently available state remedy is the reason the claims are defaulted rather than merely unexhausted. The Court, therefore, overrules Petitioner's exhaustion objection.

### 3.    Petitioner Has Not Excused the Default

A federal court may review a procedurally defaulted claim only if the petitioner demonstrates "cause for the default and actual prejudice[,]" or shows that failure to consider the claim would result in "a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750. Cause requires an "objective factor external to the defense" that impeded compliance with the State's procedural rule. *Murray v. Carrier,* 477 U.S. 478, 488 (1986); *McNeill v. Polk,* 476 F.3d 206, 214 (4th Cir. 2007).

Petitioner states that he was not given information explaining how to challenge the revocation and argues that the courts have misunderstood his filings. (DE 55.) But he identifies no interference by officials or unavailable factual or legal

6

basis that made a timely filing impracticable. *See Murray*, 477 U.S. at 488; *McNeill*, 476 F.3d at 214. His *pro se* status and lack of legal knowledge, standing alone, are not objective external impediments. *See Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986). Because Petitioner has not shown cause, the Court need not separately decide prejudice.

Petitioner also has not established a fundamental miscarriage of justice. Even assuming without deciding that a comparable actual innocence gateway applies to a parole revocation challenge, dismissal of the later criminal charges with leave to restore is not an adjudication that Petitioner did not engage in the conduct underlying the revocation. *Morrissey* and *Gagnon* recognize that revocation is not part of a criminal prosecution and is governed by a distinct due process framework. *See Morrissey v. Brewer*, 408 U.S. 471, 480 (1972); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973). The revocation record also identified additional violations involving Petitioner's failure to pay required fees and fines and failure to contact his supervising officer after his arrests. Petitioner offers no new reliable evidence negating the conduct underlying any ground for revocation.

### 4.    The Dismissal of the New Charges Does Not Excuse the Default

Petitioner argues that his continued custody violates the Fifth Amendment because the indictments were dismissed on January 10, 2024, and were not restored within the period he believes state law permits. That contention concerns the merits of his parole revocation challenge; it does not identify cause for the untimely PCR filing or new evidence sufficient to invoke the miscarriage-of-justice exception. The

Court, therefore, need not resolve Petitioner's interpretation of South Carolina's restoration rules. The dismissal of the indictments does not overcome the procedural bar.

The Court does not decide the ultimate merits of any properly preserved due-process challenge to the revocation proceeding. The Petition is denied because the asserted federal claims were defaulted in state court and Petitioner has not established an exception permitting federal merits review.

### 5.     Discovery and the Remaining Motions

Petitioner contends that Respondent should be compelled under Rules 33 and 34 to produce the parole file and other records. But the civil discovery rules do not apply automatically in habeas proceedings. Rule 6(a) of the Rules Governing Section 2254 Cases permits discovery only for good cause. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Good cause requires specific allegations giving the Court reason to believe that, if the facts are fully developed, the petitioner may be entitled to relief. *Id.* at 908–09. Petitioner seeks the records primarily to contest the merits of the revocation, but he does not explain how they would establish an objective external cause for his untimely PCR filing or a miscarriage-of-justice exception. Discovery, therefore, cannot overcome the dispositive procedural bar.

Accordingly, Petitioner's Motions to Compel (DE 30; DE 44; DE 48), Motion for Production of the Parole File (DE 35), and Motion for Production of Documents (DE 42) are denied for lack of good cause and, alternatively, as moot. Petitioner's Motion for Injunctive Relief (DE 33) and Motion for Reinstatement to Parole (DE 36) are

denied as moot. Respondent's Motion to Hold Petitioner's Non-dispositive Motions in Abeyance (DE 50) is also denied as moot. To the extent the Petition seeks monetary damages, that relief is unavailable in habeas proceedings. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). Any request for damages is dismissed without prejudice as not cognizable in this proceeding.

### 6.    Request for Appointed Counsel

Petitioner requests appointment of counsel in DE 55. There is no constitutional right to appointed counsel in collateral proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions . . . and we decline to so hold today."). The Court may appoint counsel for a financially eligible habeas petitioner when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). And if an evidentiary hearing is warranted, Rule 8(c) of the Rules Governing Section 2254 Cases requires appointment for an eligible petitioner. *Gagnon* addresses the circumstances in which due process may require counsel at a revocation hearing; it does not create a right to counsel in a later federal habeas action.

The record is adequate to resolve the dispositive procedural issue, no evidentiary hearing is warranted, and Petitioner has been able to present his position and supporting state court documents. The issue is primarily legal, and appointment of counsel would not alter the procedural default analysis. The interests of justice, therefore, do not require appointment, and the request is denied.

**D.    Certificate of Appealability**

A certificate of appealability may issue only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is denied on procedural grounds without reaching the merits, Petitioner must show that jurists of reason could debate both whether the Petition states a valid constitutional claim and whether the procedural ruling is correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has not made either showing. The Court, therefore, denies a certificate of appealability.

**E.    Conclusion**

Accordingly, the Court **OVERRULES** Petitioner's objections (DE 55) and **ADOPTS** the Report (DE 51) as modified and supplemented by this Order. Respondent's Motion for Summary Judgment (DE 25) is **GRANTED**, and Petitioner's Motions for Summary Judgment (DE 29; DE 31) are **DENIED**. The Petition is **DENIED**, and the habeas claims are **DISMISSED WITH PREJUDICE** as procedurally defaulted. This disposition does not adjudicate the underlying constitutional claims on the merits.

Petitioner's discovery motions (DE 30; DE 35; DE 42; DE 44; DE 48) are **DENIED**. Petitioner's requests for injunctive relief or reinstatement to parole (DE 33; DE 36) and Respondent's Motion to Hold Non-dispositive Motions in Abeyance (DE 50) are **DENIED AS MOOT**. Any request for monetary damages is **DISMISSED WITHOUT PREJUDICE** as not cognizable in habeas proceedings.

Petitioner's request for appointment of counsel (DE 55) is **DENIED**. A certificate of appealability is **DENIED**. The Clerk is directed to enter judgment and close this case.

    **IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 5, 2026

## NOTICE OF RIGHT TO APPEAL

A party seeking to appeal must file a notice of appeal with the Clerk of Court within thirty (30) days after entry of the judgment. Fed. R. App. P. 3, 4(a)(1)(A).